UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVON MAURICE HOWES, | No. 2:22-cv-2047 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CLAIRE JACQULINE WHITE, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.   Complaint

The complaint alleges that a Solano County Superior Court Judge Bowers; Claire White, plaintiff's retained defense attorney; and District Attorney Elizabeth Ring violated plaintiff's constitutional rights. ECF No. 1. Specifically, plaintiff alleges that Judge Bowers allowed the admission of perjured testimony, his defense counsel failed to effectively represent him, and the district attorney committed misconduct by asking leading questions and allowing a witness to provide perjured testimony. Id. at 3-5. Plaintiff seeks immediate release from custody and damages. Id. at 6.

### IV.   Failure to State a Claim

#### A.   Judges Are Immune From Suit

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-55 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). A judge's jurisdiction is quite broad and its scope is determined by the two-part test articulated in Stump:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to [1] the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and [2] to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Id. at 362.

Judge Bowers' alleged admission of perjured testimony falls squarely within the scope of functions "normally performed by a judge" and was done while acting in the capacity of a judge. Judge Bowers is therefore absolutely immune from liability under § 1983 and the claims against him must be dismissed without leave to amend.

### B.     Defense Counsel Cannot Be Sued Under § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added) (citations omitted).  Privately retained attorneys do not act under color of state law for purposes of section 1983 actions.  Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) (citations omitted).  This means that plaintiff cannot bring a claim against defendant White under § 1983.  Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  For these reasons, the claims against defendant White should be dismissed without leave to amend.

### C.     District Attorney Are Immune From Suit

Prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  Since plaintiff's claims are based on defendant Ring's conduct in prosecuting plaintiff in his criminal proceedings, these claims also fail as a matter of law.

### D.     Scope of Section 1983

State prisoners may not attack the validity of the fact of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez,

1  411 U.S. 475, 490 (1973); <u>Nettles v. Grounds</u>, 830 F.3d 922, 933 (9th Cir. 2016) ("habeas corpus
2  is the exclusive remedy to attack the legality of the conviction or sentence").  Because plaintiff
3  seeks to challenge his conviction and sentence, the complaint must be dismissed.  The court
4  further declines to offer plaintiff the option to convert his complaint to a habeas petition because
5  it appears his claims have not been exhausted.  <u>See</u> 28 U.S.C. § 2254(b)(1) (a petition for writ of
6  habeas corpus "shall not be granted unless it appears that the applicant has exhausted the
7  remedies available in the courts of the State; or there is an absence of available State corrective
8  process" or circumstances render the process ineffective).  A search of the California Supreme
9  Court's case information website shows no cases filed by plaintiff.  <u>Middleton v. Cupp</u>, 768 F.2d
10  1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court
11  with a full and fair opportunity to consider all claims before presenting them to the federal court).

   V.   <u>No Leave to Amend</u>

   Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

   The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile.  The complaint should therefore be dismissed without leave to amend.

   VI.   <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

   Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

   It is being recommended that your complaint be dismissed without leave to amend because you cannot bring civil rights claims under § 1983 against defense counsel, prosecutors, or

5

judges. You also cannot challenge your sentence or conviction in a § 1983 case. You are not being given the option to change your complaint into a habeas petition because it does not look like you have presented these claims to the California Supreme Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE